UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOMBARDIER CAPITAL, INC.,

Plaintiff,

- against -

OCEAN EQUIPMENT & SUPPLY, INC.,
WILLIAM A. IRVINE, WILLIAM D.
McALLISTER and RANDALL R.
TRUCKENBRODT,

Defendants.

**MEMORANDUM ORDER**

04 Civ. 4610 (PKL)

**LEISURE, District Judge:**

Defendant Irvine requests this Court's permission to serve three interrogatories on plaintiff, Bombardier Capital, despite that the deadline for interrogatories pursuant to the parties' case management plan passed on January 13, 2005. Co-Defendants, Ocean Equipment and Truckenbrodt, contest that, because defendant Irvine refused to enter into this action until faced with the possibility of default judgment at an Order to Show Cause hearing on March 9, 2005, he should not be allowed to serve late interrogatories. Irvine counters that the requested interrogatories are not governed by the case management plan but rather, are interrogatories seeking "other information" under Local Rule of Civil Procedure for the Southern District of New York 33.3(b), and therefore, only require this Court's order.

Federal Rule of Civil Procedure 33 governs interrogatory requests, and states that, "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33(a) (empahsis added). Rule 26(b)(2), in turn, states that the Court should limit interrogatory requests to the extent that (1) the information sought is unduly cumulative or obtainable from a more convenient and less burdensome source;

interrogator had "ample opportunity" to obtain the discovery sought during the court ordered discovery time; or, (3) "the burden or expense of the proposed discovery outweighs its likely benefit." Id. 26(b)(2). The Rule also allows for this Court's *sua sponte* action after notice of a party's objection to discovery. Id. The cumulative effect of the information is not an issue here. Co-defendants, however, do object that Irvine had "ample opportunity" to serve these interrogatories during the time he was refusing to respond to either the Complaint or cross-claims. Had defendant Irvine timely responded he likely would have been able to serve these interrogatories without Court Order. However, Irvine argues that the proposed discovery may implicate this Court's jurisdiction over the cross-claims remaining after plaintiff settles with some, but not all, of the other defendants. Given the importance of the jurisdictional issue and the failure of either plaintiff or co-defendants to articulate any undue burden resulting from answering the interrogatories, the Court finds that the benefit of this discovery far outweighs the burden.

The Court further notes that this is not an eleventh hour interrogatory request as discovery is not set to end until May 27, 2005; therefore, plaintiff has time to respond within the thirty day window afforded under the Rules. See Yangming Marine Transp. v. Formost Int'l Inc., No. 88 Civ. 1318, 1988 WL 100192, *1 (S.D.N.Y. Sept. 16, 1988) (striking interrogatories served on the last day of the discovery period because "[i]nterrogatories are facially untimely under this order if served so late in the game that the time for response provided for by the Federal Rules of Civil Procedure is not available to the adverse party").

2

For the reasons stated above, the Court hereby GRANTS defendant Irvine's request to serve the three proposed interrogatory questions on plaintiff.

**SO ORDERED.**
New York, New York

April **19**, 2005

_____
U.S.D.J.

Copies of this Memorandum Order have been sent to:

Serena M. Parker, Esq.
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110

Gary A. Stahl, Esq.
King Pagano & Harrison
425 Park Avenue
New York, NY 10022

Steven A. Rosen, Esq.
Law Offices of Steven A. Rosen
501 Fifth Avenue, Suite 1900
New York, NY 10017

Andrew Ryan, Esq.
Salisbury & Ryan LLP
1325 Avenue of the Americas
New York, NY 10019

3